[Cite as *State v. Moody*, 2024-Ohio-1793.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. CT2023-0086 |
| CODY L. MOODY | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2023-0450 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 8, 2024 |
| APPEARANCES: | |


For Plaintiff-Appellee

RONALD L. WELCH
Prosecuting Attorney
Muskingum County, Ohio

JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, Ohio 43076

*Hoffman, J.*

**{¶1}** Defendant-appellant Cody Moody appeals the judgment of the Muskingum County Common Pleas Court convicting him following his plea of guilty to one count of aggravated murder (R.C. 2903.01(A)) with a firearm specification (R.C. 2941.145(A)), and sentencing him to an aggregate term of incarceration of twenty-eight years to life. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 22, 2023, just after midnight, the Muskingum County Sheriff's Department received a report of gunshots fired in the area of Culbertson Road in Zanesville, Ohio. At around 2:20 the same morning, the same caller reported hearing another gunshot just outside his window of a camper where he resided with his friend, Timothy Norris. Upon arriving at the scene, deputies found Norris dead inside the camper, with a gunshot wound to the head. Detectives located a bullet hole in the camper window, which corresponded to the area where Norris was found slumped over a table. The shot appeared to come from outside the camper.

**{¶3}** Investigators determined the bullet hole was likely caused by a handgun fired in close range of the camper. Deputies located a shed on the property with bullet holes in it, and recovered six .9mm shell casings near the shed.

**{¶4}** Detective Sergeant Brady Hittle obtained a search warrant on June 23, 2023, requesting a Geo-Fence within a 100-meter circumference of the crime scene. Google returned the requested information on June 26, 2023, reporting only one Google ID in the area. Subsequent warrants were obtained, with police ultimately determining the Google account associated within the Geo-Fence request belonged to Appellant.

**{¶5}** Appellant was involved in a relationship with Carlos "Ricky" Rivera, whose nephew, Jordan, was found dead on August 5, 2022, in a shed on the property where Norris was killed. On March 27, 2023, Norris was convicted of failure to report a death in conjunction with Rivera's death. The Rivera family was unhappy with this outcome.

**{¶6}** Police interviewed Appellant on July 10, 2023. Initially, Appellant denied any involvement in Norris's murder, and denied owning or possessing a firearm. Police presented Appellant with a receipt from a pawn shop, showing Appellant purchased a .9mm firearm in 2014. During the interview, Appellant asked to go home to smoke, drink a Monster Energy drink, and pet his dog. Appellant advised if allowed to do these things, he would then give a full statement.

**{¶7}** Appellant was transported back to his residence, and read his Miranda rights. After Appellant signed a waiver of his rights, Detective Hittle interviewed Appellant on his back porch. Appellant confessed to killing Norris. Appellant admitted he intended to kill Norris, Norris's roommate, and anyone else he suspected bore responsibility in the death of Jordan Rivera. Appellant went to the property where Norris lived around 11:40 p.m., snuck down the driveway, and found Norris in the shed on the property. He shot at the shed, intending to kill Norris. He heard Norris yell, "What the hell," and knew he had not killed Norris. Appellant left the property and returned home. Around 2:00 a.m. Appellant returned and saw Norris sitting in the camper kitchen. Appellant shot Norris through the window and fled the scene, disposing of the weapon in a creek.

**{¶8}** Appellant was indicted by the Muskingum County Grand Jury with one count of aggravated murder with a firearm specification. He entered a plea of guilty, and was convicted. The trial court sentenced Appellant to a term of life in prison without parole for

twenty-five years for aggravated murder, and three years incarceration for the firearm specification, to be served consecutively for an aggregate prison term of twenty-eight years to life.  It is from the September 21, 2023 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

> SHOULD THIS COURT SHOULD [SIC] REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A MAXIMUM SENTENCE ON THE SINGLE COUNT OF AGGRAVATED MURDER IN CASE CR2023-450; BECAUSE, THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING SENTENCES R.C. §2929.11 AND R.C. §2929.12.

### I.

**{¶9}** Appellant argues a sentence of twenty-three years to life would be more congruent with the statutory principles set forth in R.C. 2929.11 than the sentence of twenty-five years to life imposed by the trial court.  He argues he has no prior record and was acting under the influence of Xanax at the time of the murder.  He argues he accepted responsibility and is willing to engage in rehabilitative programming.  He also argues the trial court did not account for the impact of the factors set forth in R.C. 2929.12.

**{¶10}** R.C. 2953.08 governs appellate review of felony sentencing. R.C. 2953.08(A) states "[i]n addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on [one of the grounds listed in subsections (A)(1) through (A)(5)]". In turn, R.C. 2953.08(D)(3) provides:

"A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section."

{¶11} The Ohio Supreme Court has held R.C. 2953.08(D)(3) does not preclude an appeal of a sentence for aggravated murder or murder which is based on constitutional grounds. *State v. Patrick,* 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, ¶22. However, in the instant case, Appellant does not challenge his sentence on constitutional grounds, but rather argues the trial court's sentence was based on an improper weighing of the statutory factors. As such, pursuant to R.C. 2953.08(D)(3) we are without statutory jurisdiction to review Appellant's sentence.

{¶12} The assignment of error is overruled.  The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Hoffman, J.
Delaney, P.J.  and
Wise, J. concur